No. 2399. MILLS *v.* CARRIER. November Term, 1888. Plaintiff sued defendant for the foreclosure of two mortgages of land, held by plaintiff's intestate. Defendant admitted the mortgage debts, but set up as payment and counter-claims several demands held by him against intestate, some of which arose out of a partnership which had existed between defendant and plaintiff's intestate. *Held*,

1. That an unsettled partnership account in favor of defendant may be set up as a counter-claim against an individual debt sued on by plaintiff, when properly pleaded.

2. It was sufficiently pleaded here, as the defendant substantially averred the existence of the unsettled transactions, asked for an accounting, and alleged that upon such accounting a balance would be found to be due to him from plaintiff.

3. Defendant built a house for intestate about the same time that intestate acquired by assignment the ownership of the two mortgages. Defendant was paid in part by a transfer of intestate's interest in certain partnership chattels, leaving a balance due to him. Seven years afterwards, intestate died, and his administrator brought this action. This court, overruling the Circuit Judge (Witherspoon), agreed with the referee that the parties intended this balance to be applied as a payment or set-off on the mortgage debt, and, moreover, *held*, that such balance was not barred by the statute of limitations, as there were mutual dealings and accounts between the parties, involving several matters, and this action was commenced within six years from the date of the last item in these mutual accounts.

Judgment modified.     OPINION by MR. CHIEF JUSTICE SIMP-
SON, March 23, 1889.     *Thomson, Nicholls & Moore*, for plain-
tiff.     *Bomar & Simpson*, for defendants.

In this case a petition for rehearing was filed by plaintiff,
alleging that two items of defendant's account were allowed when
there was no testimony whatever to sustain them, and that the
amount found due to defendant should be decreed to be subject
to a full settlement of the partnership accounts between defend-
ant and plaintiff's intestate.     This court dismissed the petition,
holding that there was sufficient evidence to sustain the two items
referred to; and, as to the second point, that there was nothing
in the exceptions which would authorize such a decree.     Petition
dismissed PER CURIAM (No. 2428), April 23, 1889.